Mark Andrew SANCHEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–03–220–CR.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

July 31, 2003.

Mark Andrew Sanchez, pro se.

John Grogan Kearney, Corpus Christi,
for Appellant.

Carlos Valdez, Nueces County Dist.
Atty., Corpus Christi, for State.

Before Justices HINOJOSA, YAÑEZ,
and GARZA.

## OPINION

PER CURIAM.

Appellant, Mark Andrew Sanchez, pleaded guilty to the third degree felony offense of driving while intoxicated. Pursuant to a plea agreement, the trial court sentenced him to ten years confinement and fined him $500. In November of 2001, the court revoked appellant's community supervision and sentenced him to seven years confinement. Appellant filed motions for judgment nunc pro tunc in February and March of 2003 complaining that he had not received proper credit for the jail time he served before imposition of sentence. The trial court denied these motions in two separate orders. This appeal ensued.

The right to appeal in a criminal case is a substantive right determined solely within the province of the Legislature. *Lyon v. State,* 872 S.W.2d 732, 734 (Tex.Crim.App.1994). "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed." TEX.CODE CRIM. PROC. ANN. art. 44.02 (Vernon 1979). Generally, a criminal defendant may only appeal from a final judgment. *See State v. Sellers,* 790 S.W.2d 316, 321 n. 4 (Tex.Crim.App.1990). This Court has jurisdiction over criminal appeals only when expressly granted by law. *Benford v. State,* 994 S.W.2d 404, 408–09 (Tex.App.-Waco 1999, no pet.) (quoting

*Apolinar v. State,* 820 S.W.2d 792, 794 (Tex.Crim.App.1991)).

 We do not have jurisdiction over an appeal from an order denying a request for judgment nunc pro tunc to correct jail time credit. *Ray v. State,* No. 01–03–089–CR, 2003 WL 1849181, *1, 2003 Tex.App. LEXIS 3154, *1–*2 (Houston [1st Dist.] Apr. 10, 2003) (per curiam); *Everett v. State,* 82 S.W.3d 735, 735 (Tex.App.-Waco 2002, pet. ref'd); *see State v. Ross,* 953 S.W.2d 748, 751–52 (Tex.Crim.App.1997). We express no opinion herein regarding the availability of habeas corpus relief. *See, e.g., Ex parte Coker,* 2003 WL 21513468, *1, 2003 Tex.Crim.App. LEXIS 149, *1 (July 2, 2003) (per curiam).

We dismiss this appeal for want of jurisdiction.