TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00732-CR


NO. 03-03-00733-CR






Maurice Lozano, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURTS OF TOM GREEN COUNTY, 51ST & 119TH JUDICIAL DISTRICTS NOS. B-00-0838-S & A-02-0838-S, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



On December 19, 2002, appellant Maurice Lozano pleaded guilty to felony driving
while intoxicated in local cause number A-02-0838-S. Tex. Pen. Code Ann. § 49.04(a) (West 2003),
§ 49.09(b)(2) (West Supp. 2004). The court adjudged him guilty and sentenced him to seven years
in prison, as called for in a plea bargain agreement. On the same day, the court revoked appellant's
probation in local cause number B-00-0838-S (another felony DWI) and imposed a seven-year
sentence.

On October 27, 2003, appellant filed a "motion for nunc pro tunc order" in both cause
numbers complaining that prison authorities were not giving him full credit for the time he spent in
county jail for these offenses as awarded in the judgments. The motion was denied the day after it
was filed. The court wrote a letter to appellant explaining that the time he spent in jail in cause
number B-00-0838-S before he committed the offense in cause number A-02-0838-S cannot be
credited against his sentence in the latter cause. On November 26, 2003, appellant filed a notice of
appeal.

An appeal does not lie from an order denying a request for judgment nunc pro tunc
to correct the award of jail time credit. Sanchez v. State, 112 S.W.3d 311, 312 (Tex. App.--Corpus
Christi 2003, no pet.); Everett v. State, 82 S.W.3d 735 (Tex. App.--Waco 2002, pet. ref'd). In any
event, we note that the error of which appellant complains does not lie in the district court, but in the
institutional division of the department of criminal justice. There was nothing for the court to correct
in its original judgments. Appellant should pursue his claim by means of a post-conviction habeas
corpus proceeding. See Ex parte Stokes, 15 S.W.3d 532 (Tex. Crim. App. 2000).

The appeals are dismissed for want of jurisdiction.



 __________________________________________

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Dismissed

Filed: January 8, 2004

Do Not Publish