Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





IN RE: ALBERT GARY TAYLOR,

                            Relator.


§

§

§

§

§


No. 08-05-00348-CR

AN ORIGINAL PROCEEDING

IN MANDAMUS




O P I N I O N
           In this original proceeding, Relator Albert Gary Taylor seeks a writ of mandamus
to compel the Honorable Sam Medrano, Jr., Judge of the 409th Judicial District Court, El
Paso County, Texas to rule on his motion for a nunc pro tunc order for pre-sentence jail
time credit.
           To obtain mandamus relief in a criminal matter, the relator must establish that (1)
the act sought to be compelled is ministerial, and (2) there is no adequate remedy at law. 
Dickens v. Court of Appeals for Second Supreme Judicial Dist., 727 S.W.2d 542, 548
(Tex. Crim. App. 1987). Relator has the burden for providing a record sufficient to
establish his right to mandamus relief. Walker v. Packer, 827 S.W.2d 833, 837 (Tex.
1992); In re Bates, 65 S.W.3d 133, 135 (Tex. App.--Amarillo 2001, orig. proceeding).
           A trial court is required to consider and rule upon a motion within a reasonable
time. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.--San Antonio 1997,
orig. proceeding). When a motion is properly filed and pending before a trial court, the
act of giving consideration to and ruling upon that motion is a ministerial act, and
mandamus may issue to compel the trial judge to act. Id. A trial court is required to grant
a defendant pre-sentence jail time credit when sentence is pronounced. Ex parte Ybarra,
149 S.W.3d 147, 148 (Tex. Crim. App. 2004). If the trial court fails to award such credit
at the time the sentence is imposed, the trial court has the authority to correct the
judgment to reflect the appropriate time credit by nunc pro tunc order and should do so. 
Id. If a court unnecessarily delays in ruling on a motion requesting a nunc pro tunc
judgment addressing jail time credit, mandamus relief may issue to compel the trial court
to act. See id. at 148-49; see also In re Mendoza, 131 S.W.3d 167, 167-68 (Tex. App.--San Antonio 2004, orig. proceeding) (mandamus may issue where trial court
unnecessarily delays in ruling); Sanchez v. State, 112 S.W.3d 311, 312 (Tex. App.--Corpus Christi 2003, no pet.) (appellate court has no jurisdiction over a direct appeal from
an order denying a request for judgment nunc pro tunc to correct jail time credit); Everett
v. State, 82 S.W.3d 735, 735 (Tex. App.--Waco 2002, pet. dism’d) (same).
           In this case, Relator alleges that he has filed a motion for judgment nunc pro tunc
in the convicting court, seeking additional credit for the 58 days he spent in an
Alexandria, Virginia jail from the date of his arrest on a fugitive warrant to the date the
detainer was placed upon him. Relator also alleges that he sent a motion demanding
compliance with state law, but the court has taken no action with regard to either motion. 
Relator has not attached a copy of the motion for nunc pro tunc judgment to his
mandamus petition. See Tex. R. App. P. 52.3(j). Further, from the record before us, we
cannot determine whether the said motion was properly filed with the trial court or that
the trial court received and was made aware of the motion. See In re Chavez, 62 S.W.3d
225, 228 (Tex. App.--Amarillo 2001, orig. proceeding) (filing the matter with the district
clerk was not sufficient to impute knowledge of the pleading such that the trial court was
made aware of it); Barnes v. State, 832 S.W.2d 424, 426-27 (Tex. App.--Houston [1st
Dist.] 1992, orig. proceeding) (relator must show that motion was brought to the trial
court’s attention and the court failed or refused to rule); cf. In re Daisy, 156 S.W.3d 922,
924 (Tex. App.--Dallas 2005, orig. proceeding) (granting mandamus relief where record
contained several form letters from the trial court to relator giving various reasons why
the court could not or would not rule on his motion).
           Based on the record before us, we are unable to conclude that Relator is entitled to
the relief requested. Accordingly, the petition for writ of mandamus is denied.

                                                                  RICHARD BARAJAS, Chief Justice
December 15, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)