Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




IN RE: AARON J. BURK,

                              Relator.


 §
 
§
 
§
 
§
 
§
 
 § 

 

No. 08-06-00338-CR

AN ORIGINAL PROCEEDING 

IN MANDAMUS





 

 

 




MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS
            In this original proceeding, Relator Aaron Burk seeks a writ of mandamus to compel Crane
County officials to grant his motion for a nunc pro tunc order for pre-sentence jail time credits.
            To obtain mandamus relief in a criminal matter, the relator must establish that (1) the act
sought to be compelled is ministerial, and (2) there is no adequate remedy at law. Dickens v. Court
of Appeals for Second Supreme Judicial Dist., 727 S.W.2d 542, 548 (Tex. Crim. App. 1987). 
Relator has the burden for providing a record sufficient to establish his right to mandamus relief. 
Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992); In re Bates, 65 S.W.3d 133, 135 (Tex. App.--Amarillo 2001, orig. proceeding).
            The trial court is required to consider and rule upon a motion within a reasonable time.
Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.--San Antonio 1997, orig.
proceeding). When a motion is properly filed and pending before a trial court, the act of giving
consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel
the trial judge to act. Id. A trial court is required to grant a defendant pre-sentence jail time credit
when sentence is pronounced. Ex parte Ybarra, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004). If
the trial court fails to award such credit at the time the sentence is imposed, the trial court has the
authority to correct the judgment to reflect the appropriate time credit by nunc pro tunc order and
should do so. Id. If a court unnecessarily delays in ruling on a motion requesting a nunc pro tunc
judgment addressing jail time credit, mandamus relief may issue to compel the trial court to act. See
id. at 148-49; see also In re Mendoza, 131 S.W.3d 167, 167-68 (Tex. App.--San Antonio 2004, orig.
proceeding) (mandamus may issue where trial court unnecessarily delays in ruling); Sanchez v. State,
112 S.W.3d 311, 312 (Tex. App.--Corpus Christi 2003, no pet.) (appellate court has no jurisdiction
over a direct appeal from an order denying a request for judgment nunc pro tunc to correct jail time
credit); Everett v. State, 82 S.W.3d 735, 735 (Tex. App.--Waco 2002, pet. dism’d) (same).
            In his petition, Relator states that he was arrested in Ector County on December 13, 2001 on
a detainer placed on him from Crane County in cause 1292. While waiting in Ector County, Relator
had a detainer from Midland County in September 2002 and he was subsequently “extradited” to
Midland County and sentenced to five years in the Texas Department of Criminal Justice. According
to Relator, it was not until December 13, 2004 that Crane County officials bench warranted him to
court and pursued sentencing in cause 1292. The judgment in cause 1292 awarded no pre-sentence
jail time credits. Relator states that he filed his first motion for nunc pro tunc judgment and the trial
court credited him 454 days, but not the 1096 days he requested. Relator states that he has presented
the court with a second motion for nunc pro tunc judgment to have the correct amount of days
entered, but after waiting over forty-five days, he has received no response. In his prayer, Relator
requests that this Court issue a writ directing the Crane County officials to perform their ministerial
duties and grant him all jail time credits from December 2001.
            First, to the extent that Relator seeks a writ of mandamus to compel Crane County officials,
other than the trial court that presided over cause 1292, to perform the requested relief, we have no
authority to issue a writ of mandamus over those unknown individuals in this case. See Tex. Gov’t
Code Ann. § 22.221(a), (b) (Vernon 2004). Second, to the extent that Relator requests that we order
the district court to grant his second motion for nunc pro tunc judgment allegedly pending before it,
we cannot. When a trial court has yet to act on a matter, authority entitles us only to order the court
to act; it does not allow us to order it to make a particular decision. O’Donniley v. Golden, 860
S.W.2d 267, 269 (Tex. App.--Tyler 1993, orig. proceeding).
            Finally, to the extent that Relator is requesting that the district court rule on his motion for
nunc pro tunc judgment, we note that Relator has not attached a copy of this motion to his mandamus
petition. See Tex. R. App. P. 52.3(j). Further, from the record before us, we cannot determine
whether the said motion was properly filed with the trial court or that the trial court received and was
made aware of the motion. See In re Chavez, 62 S.W.3d 225, 228 (Tex. App.--Amarillo 2001, orig.
proceeding) (filing the matter with the district clerk was not sufficient to impute knowledge of the
pleading such that the trial court was made aware of it); Barnes v. State, 832 S.W.2d 424, 426-27
(Tex. App.--Houston [1st Dist.] 1992, orig. proceeding) (relator must show that motion was brought
to the trial court’s attention and the court failed or refused to rule); cf. In re Daisy, 156 S.W.3d 922,
924 (Tex. App.--Dallas 2005, orig. proceeding) (granting mandamus relief where record contained
several form letters from the trial court to relator giving various reasons why the court could not or
would not rule on his motion). Based on the record before us, we are unable to conclude that Relator
is entitled to the relief requested.
            Accordingly, the petition for writ of mandamus is denied.
 
                                                                        KENNETH R. CARR, Justice

March 1, 2007

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)