**Dismissed and Memorandum Opinion filed January 7, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-01093-CR

**BRIAN D. DESHOTEL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Cause No. 0648977**

# M E M O R A N D U M   O P I N I O N

On November 25, 2013, appellant filed a *pro se* notice of appeal stating appellant seeks to appeal the trial court's order entered October 31, 2013, "denying enforcement of a prior order." The clerk's record was filed December 19, 2013. After reviewing the record, we conclude that we lack jurisdiction over this attempted appeal. *See* Tex. Code Crim. Proc. art. 44.02 (authorizing a defendant in a criminal action to appeal); *Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim.

App. 2008) (stating that the right to appeal under article 44.02 is limited to appeal from a final judgment).

The record reflects that in 1992, appellant was charged with burglary of a habitation with the intent to commit aggravated assault. In 1993, the trial court deferred a finding of guilt and placed appellant on community supervision. The State later moved to adjudicate appellant's guilt, alleging violations of the conditions of appellant's community supervision. On May 26, 1995, the trial court adjudicated appellant's guilt and sentenced appellant to confinement for five years in prison. Appellant has served this five-year sentence, but he is currently serving a life sentence for a sexual assault conviction.[1]

The record contains an agreed order signed September 22, 1995, in which the trial court directed the Texas Department of Criminal Justice to correct the computation of appellant's good time credit. The order states: "The judgment and sentence in this case reflects neither an aggravated offense, nor an affirmative finding of a deadly weapon being used or exhibited during the commission of the offense." The trial court ordered appellant's prison records corrected "to reflect the computation of good time credit in accordance with the provisions of the Texas Good Time Law applicable to an inmate accumulating good time credit on a non-aggravated, non-mandatory minimum basis."

In 2010, appellant filed motion for a *nunc pro tunc* order to correct a purported error in his judgment of conviction based on appellant's claim that there was an agreement that the charged offense would be changed to burglary of a habitation with intent to commit theft. The record reflects that the trial court signed

---

[1] *See Deshotel v. State,* No. 09-04-199-CR, 2005 WL 2092787 (Tex. App.—Beaumont Aug. 31, 2005, no pet.) (not designated for publication) (stating appellant "pled true to the indictment's enhancement paragraph regarding his previous conviction for burglary of a habitation with intent to commit aggravated assault").

an order December 29, 2010, denying appellant's motion. This court subsequently denied appellant's petition for writ of mandamus seeking to compel the trial court to enter the requested *nunc pro tunc* order. *See In re Brian Dejean Deshotel,* No. 14-11-00285-CR, 2011 WL 1990757 (Tex. App.—Houston [14th Dist.] May 17, 2011, orig. proceeding) (not designated for publication). After this court denied mandamus relief, appellant filed a second motion for the same *nunc pro tun*c order on or about June 7, 2012. There are handwritten notations on the motion that it is a second motion, that "no action" was taken, and that the "JMT is correct."

Appellant's most recent motion is another attempt to have his 1995 judgment of conviction reformed to change the offense from "burglary of a habitation with the intent to commit aggravated assault" to "burglary of a habitation with the intent to commit theft." We find no statutory authority for this attempted appeal from an order seeking to modify a judgment in a final felony conviction.

A defendant's right to appeal is conferred by the legislature, and a defendant may appeal only that which the legislature has authorized. *Perez v. State,* 938 S.W.2d 761 762 (Tex. App.—Austin 1997, pet. ref'd). An order denying a motion seeking *nunc pro tunc* relief is not appealable. *See Abbott*, 271 S.W.3d at 696–97 (holding court of appeals lacked jurisdiction over appeal from the trial court's post-judgment order denying appellant's time-credit motion); *Sanchez v. State*, 112 S.W.3d 311, 312 (Tex. App.—Corpus Christi 2003, no pet.) (holding the court lacked jurisdiction to review an order denying a request for judgment *nunc pro tunc*).

Furthermore, only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from a final felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991); *see also* Tex. Code

Crim. Proc. Ann. art. 11.07; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that article 11.07 provides the exclusive means to challenge a final felony conviction).

Accordingly, we order the appeal dismissed.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Wise.

Do Not Publish — Tex. R. App. P. 47.2(b).