**Dismissed and Opinion Filed November 18, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01438-CR

**GARY EUGENE SIMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F00-45450-FS**

## MEMORANDUM OPINION

Before Justices FitzGerald, Lang, and Brown
Opinion by Justice FitzGerald

Gary Sims was convicted of aggravated sexual assault and sentenced to life imprisonment. His conviction was affirmed on direct appeal.[1] Appellant later filed several pro se motions in the trial court, including a "motion for relief from the judgment," a "motion to correct the judgment," and a "motion for bench warrant." The trial court denied the motions in two written orders dated August 12, 2014. On October 13, 2014, appellant filed a pro se notice of appeal from the trial court's orders. The notice of appeal bears an unsworn declaration that is dated October 6, 2014. The envelope in which it was mailed is post-marked October 9, 2014. We conclude we lack jurisdiction over the appeal.

---

[1] *Sims v. State*, No. 08-01-00121-CR, 2002 WL 1482389 (Tex. App.— El Paso July 11, 2002, pet. ref'd) (not designated for publication). The appeal was originally docketed in this Court as cause no. 05-01-00381-CR, but was transferred to the Eighth District Court of Appeals pursuant to a Texas Supreme Court docket equalization order.

"Jurisdiction concerns the power of a court to hear and determine a case."[2]  The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist.[3]  "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'"[4]  The right to appeal in a criminal case is a statutorily created right.[5]  Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order.[6]

Appellant's October 13, 2014 notice of appeal is untimely as to the August 12, 2014 orders.[7]  Moreover, the orders denying appellant's motion to modify the judgment or the motion to correct the judgment are not appealable orders.[8]  Nor is the order denying the motion for a bench warrant an appealable order.[9]

We dismiss the appeal for want of jurisdiction.

/Kerry P. FitzGerald/

Do Not Publish
TEX. R. APP. P. 47
141438F.U05

KERRY P. FITZGERALD
JUSTICE

---

[2] *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

[3] *See id.* at 523.

[4] *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)).

[5] *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). *See also* TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006) (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant).

[6] *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

[7] *See* TEX. R. APP. P. 26.2(a)(1) (notice of appeal due within thirty days appealable order signed).

[8] *See Sanchez v. State*, 112 112 S.W.3d 311, 312 (Tex. App.─Corpus Christi 2003, no pet.) (per curiam); *Everett v. State*, 82 S.W.3d 735, 735 (Tex. App.—Waco 2002, no pet); *Allen v. State*, 82 S.W.3d 735, 735 (Tex. App.—Texarkana 2000, no pet); *see also Abbott v. State*, 271 S.W.3d 694 696–97 (Tex. Crim. App. 2008) (appellate court lacked jurisdiction to review on appeal order denying motion for additional time credit); *State v. Ross*, 953 S.W.2d 748, 752 (Tex. Crim. App. 1997) (suggesting mandamus proper way to challenge denial of nunc pro tunc judgment).

[9] *See Wright*, 969 S.W.2d at 589.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GARY EUGENE SIMS, Appellant

No. 05-14-01438-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F00-45450-FS.
Opinion delivered by Justice FitzGerald,
Justices Lang and Brown participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered November 18, 2014.