**Opinion filed November 12, 2015**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-15-00254-CR, 11-15-00255-CR, & 11-15-00256-CR

_____

## NATHAN LEE ANDERS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause Nos. CR30351, CR39508, & CR43397**

### M E M O R A N D U M   O P I N I O N

Nathan Lee Anders, Appellant, filed a pro se notice of appeal related to three separate convictions. We dismiss the appeals for want of jurisdiction.

The documents on file in these appeals indicate that Appellant's sentences were imposed on June 22, 2006, February 16, 2012, and September 4, 2014, respectively. On October 13, 2015, Appellant filed a pro se notice of appeal in each cause. Appellant stated that his intent was to appeal the trial court's decisions

to deny Appellant's motion for judgment nunc pro tunc, motion to modify, and bill of review, all of which related to the assessment of court-appointed attorney's fees against Appellant after he was found to be indigent. When the appeals were filed in this court, we notified Appellant by letter that the orders from which he attempted to appeal did not appear to be appealable orders, and we informed Appellant that these appeals may be dismissed. We requested that Appellant respond and show grounds to continue. In response to this court's letters, Appellant filed in this court three original mandamus proceedings that relate to the three trial court cause numbers at issue in these appeals.[1]

Pursuant to TEX. R. APP. P. 26.2(a), a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's notices of appeal were filed with the clerk of the trial court more than a year after his sentences were imposed and that his motions to modify were not timely filed. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain an appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993).

Furthermore, an intermediate appellate court has no jurisdiction over an appeal from an order denying a request for judgment nunc pro tunc or an order denying a motion to modify because such orders are not appealable orders. *Sims v. State*, No. 05-14-01438-CR, 2014 WL 6453607, at *1 (Tex. App.—Dallas

---

[1]See our Cause Nos. 11-15-00267-CR, 11-15-00268-CR, and 11-15-00269-CR, which are styled *In re Nathan Lee Anders*.

Nov. 18, 2014, no pet.) (mem. op., not designated for publication); *Sanchez v. State*, 112 S.W.3d 311, 312 (Tex. App.—Corpus Christi 2003, no pet.); *Everett v. State*, 82 S.W.3d 735 (Tex. App.—Waco 2002, pet. dism'd). We have no jurisdiction to entertain these appeals and, therefore, must dismiss them.

We dismiss these appeals for want of jurisdiction.

PER CURIAM

November 12, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.