

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-15-00399-CR
_____

**HAROLD CURTIS BIDDIE, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 21st District Court
Bastrop County, Texas
Trial Court No. 7068; Honorable John L. Placke, Presiding

November 18, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Harold Curtis Biddie, an inmate proceeding *pro se* and *in forma pauperis*, seeks to appeal an order denying his motion for *nunc pro tunc* relief. This appeal was transferred from the Third Court of Appeals to this court by the Texas Supreme Court pursuant to its docket equalization efforts.[1] TEX. GOV'T CODE ANN. §

---

[1] Appellant also filed a petition for writ of mandamus in the Third Court of Appeals on October 23, 2015. The petition was denied. *In re Biddie*, No. 03-15-00678-CV, 2015 Tex. App. LEXIS 11040 (Tex. App.—Austin October 29, 2015, orig. proceeding)(mem. op).

73.001 (West 2013). By letter dated October 29, 2015, the court directed Appellant to show why this court has jurisdiction over this appeal. Appellant has responded to the court's inquiry and we now dismiss the appeal for want of jurisdiction.

Appellant was convicted of aggravated sexual assault in 1988 and sentenced to imprisonment for 99 years. In 1989, Appellant appealed his conviction and the Third Court of Appeals affirmed the judgment. Twenty-six years later, Appellant filed a "Writ of Nunc Pro Tunc," which was denied by the trial court.

An intermediate appellate court has no jurisdiction over an appeal from an order denying a request for *nunc pro tunc* relief. *Everett v. State*, 82 S.W.3d 735 (Tex. App.—Waco 2002, pet. dism'd); *Sanchez v. State*, 112 S.W.3d 311, 312 (Tex. App.—Corpus Christi 2003, no pet.). Accordingly, the court dismisses this appeal for want of jurisdiction.

Patrick A. Pirtle
Justice

Do not publish.