**Paul Ray DESILETS, Appellant**

**v.**

**The STATE of Texas, Appellee**

**NO. 09–16–00104–CR, NO. 09–16–00105–CR**

Court of Appeals of Texas, Beaumont.

Submitted May 24, 2016

Opinion Delivered May 25, 2016

Paul Ray Desilets, Rosharon, TX, pro se.

Brett Ligon, District Attorney, William J. Delmore, III, Assistant District Attorney, Conroe, TX, for Appellee.

Before McKeithen, C.J., Horton and Johnson, JJ.

### OPINION

HOLLIS HORTON, Justice

Paul Ray Desilets filed appeals from the trial court's order denying his request for a judgment nunc pro tunc as related to his convictions on two counts of intoxication assault in connection with the trial court's judgment in cause number 08–12–11262–

---

CR. Desilets' notices of appeal reflect that his complaint concerns the trial court's alleged failure to properly credit him with having served sixty-one days in county jail after being sentenced but before his transfer to a prison unit; he asserts the final judgments the trial court rendered on his convictions failed to credit him with having served that time against his sentences.

After we received Desilets' notices of appeal, we sent a letter to the parties questioning whether we had jurisdiction over his appeals. The State responded, asserting that no rule or statute authorizes a defendant to appeal from an order denying a motion requesting the entry of a judgment nunc pro tunc. Desilets also filed a response, arguing that the trial court's order denying his motion for judgment nunc pro tunc is an appealable judgment nunc pro tunc.

 While appeals courts have jurisdiction over appeals from a final judgment of conviction, they do not have jurisdiction over appeals from orders denying requests for the entry of judgments nunc pro tunc because no statute has been passed creating appellate jurisdiction over such appeals. See State v. Sellers, 790 S.W.2d 316, 321 n. 4 (Tex.Crim.App.1990) ("A defendant's general right to appeal under Article 44.02, V.A.C.C.P., and its predecessors has always been limited to appeal from a 'final judgment,' though the statute does not contain this limitation on its face."); Sanchez v. State, 112 S.W.3d 311, 311–12 (Tex.App.—Corpus Christi 2003, no pet.) (dismissing appeal from denial of

judgment nunc pro tunc for lack of jurisdiction); Everett v. State, 82 S.W.3d 735, 735 (Tex.App.—Waco 2002, pet. ref'd) (dismissing appeal regarding the trial court's denial of judgment nunc pro tunc for lack of jurisdiction). A judgment nunc pro tunc makes a clerical change to the original judgment. See Blanton v. State, 369 S.W.3d 894, 897–98 (Tex.Crim.App.2012). The trial court's order denying Desilets' motion makes no change to the original judgments; therefore, it is not a judgment nunc pro tunc. We conclude that we lack appellate jurisdiction over Desilets' appeals.[1] Accordingly, the appeals are dismissed for lack of jurisdiction.

APPEALS DISMISSED.

---

1. Desilets requested mandamus relief in his response. In some circumstances, mandamus relief is available to correct a trial court's failure to credit a defendant with the time he spent in jail before he was sentenced in its written judgment. See generally Ex parte Ybarra, 149 S.W.3d 147, 148–49 (Tex.Crim. App.2004). In his appeal, Desilets is not seeking credit for the time he spent in jail before sentencing; instead, he seeks credit for time he spent while in the county jail after he was sentenced and awaiting transfer to a state prison. See generally Ex parte Dunlap, 166 S.W.3d 268, 269–70 (Tex.Crim.App.2005). We decline Desilets' request to treat his appeals as petitions seeking mandamus relief.