

# NUMBER 13-17-00488-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SOSTENES PEREZ MORALES, Appellant,

v.

THE STATE OF TEXAS, Appellee.

### On appeal from the 389th District Court of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Contreras and Hinojosa
Memorandum Opinion by Justice Hinojosa**

Appellant Sostenes Perez Morales, proceeding pro se, attempts to appeal an order denying his motion for nunc pro tunc judgment. Appellant contends that his judgment of conviction is erroneous because it contains an affirmative finding that a deadly weapon was used or exhibited; he seeks to delete the affirmative finding from the judgment by nunc

pro tunc motion.  On September 8, 2017, the Clerk of this Court notified appellant that it appeared that there was no appealable order before the Court, and requested correction of this defect within ten days.  The Clerk notified appellant that the appeal would be dismissed if the defect was not corrected.  In response, appellant filed a motion to withdraw his request to appeal and "reserve [the] right to appeal at an appropriate time."  We dismiss this appeal for want of jurisdiction.

An appellate court has the obligation to determine its own jurisdiction.  *See Ramirez v. State*, 89 S.W.3d 222, 225 (Tex. App.—Corpus Christi 2002, no pet.); *Yarbrough v. State*, 57 S.W.3d 611, 615 (Tex. App.—Texarkana 2001, pet. ref'd); *see also Laureles v. State*, No. 13-13-00535-CR, 2014 WL 1669102, at *1 (Tex. App.—Corpus Christi Apr. 24, 2014, no pet.) (mem. op., not designated for publication).  A defendant's notice of appeal must be filed within thirty days after the trial court enters an appealable order.  *See* TEX. R. APP. P. 26.2(a)(1).  A notice of appeal which complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal.  *Id.*  Under those circumstances it can take no action other than to dismiss the appeal.  *Id.*

Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction.  *Workman v. State,* 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.).  Exceptions to the general rule include:  (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the

2

denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161. We lack jurisdiction over an appeal from an order denying a request for judgment nunc pro tunc because such an order is not an appealable order. *Desilets v. State*, 495 S.W.3d 553, 554 (Tex. App.—Beaumont 2016, no pet.) ("While appeals courts have jurisdiction over appeals from a final judgment of conviction, they do not have jurisdiction over appeals from orders denying requests for the entry of judgments nunc pro tunc because no statute has been passed creating appellate jurisdiction over such appeals."); *see also Gonzalez v. State*, No. 11–17–00056–CR, 2017 WL 1275540, at *1 (Tex. App.–Eastland Mar. 31, 2017, no pet.) (mem. op., not designated for publication).

The Court, having examined and fully considered the notice of appeal and the motion filed by appellant, is of the opinion that there is not an appealable order and this Court lacks jurisdiction over this appeal. Accordingly, we grant appellant's motion to withdraw his appeal and we dismiss this appeal for lack of jurisdiction. All requested relief not granted herein is denied.

LETICIA HINOJOSA
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of October, 2017.