**Opinion filed February 21, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00016-CR
_____

### JAY DEE BURNS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-45,138**

## M E M O R A N D U M   O P I N I O N

Appellant, Jay Dee Burns, filed a pro se notice of appeal related to the trial court's January 3, 2020 "Order Denying Relief."  We dismiss the appeal for want of jurisdiction.

When the appeal was filed in this court, we notified Appellant by letter that the order from which he attempted to appeal did not appear to be a final, appealable order.  We requested that Appellant respond and show grounds to continue, and we

informed him that this appeal may be dismissed. Appellant filed a response but has not shown grounds upon which this appeal may continue. Appellant complains of the trial court's "instant denial" of a 30-page motion filed by Appellant on January 2, 2020. In that motion, Appellant complained of errors related to the joinder of the cases below and the cumulation of his sentences for the various offenses. He requested that the trial court vacate all prior judgments and sentences.

An appellate court has jurisdiction to consider an appeal by a criminal defendant from a final judgment of conviction or as otherwise authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). Appellant was convicted in 2016, and this court affirmed the judgments of conviction in 2018. *See Burns v. State*, No. 11-16-00128-CR, 2018 WL 1660547 (Tex. App.—Eastland Apr. 5, 2018, no pet.) (mem. op., not designated for publication). The substance of the relief sought by Appellant in the present appeal is postconviction relief from a final felony conviction—relief for which the habeas corpus procedure set out in Article 11.07 of the Code of Criminal Procedure provides the exclusive remedy. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015). Article 11.07 vests complete jurisdiction for such relief in the Texas Court of Criminal Appeals. *Id.* art. 11.07, §§ 3, 5; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995); *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). We hold that we have no jurisdiction over Appellant's attempted appeal from the trial court's denial of Appellant's motion to vacate the prior judgments and sentences.

Additionally, to the extent that Appellant appeals from the trial court's denial of another motion filed by Appellant—a motion requesting a nunc pro tunc judgment, we also hold that we have no jurisdiction in that regard. An intermediate appellate court has no jurisdiction over an appeal from an order denying a request

for judgment nunc pro tunc because such an order is not an appealable order. *Gonzalez v. State*, No. 11-17-00056-CR, 2017 WL 1275540, at \*1 (Tex. App.—Eastland Mar. 31, 2017, no pet.) (mem. op., not designated for publication); *Sims v. State*, No. 05-14-01438-CR, 2014 WL 6453607, at \*1 (Tex. App.—Dallas Nov. 18, 2014, no pet.) (mem. op., not designated for publication); *Sanchez v. State*, 112 S.W.3d 311, 312 (Tex. App.—Corpus Christi 2003, no pet.); *Everett v. State*, 82 S.W.3d 735 (Tex. App.—Waco 2002, pet. dism'd).

Because we have no jurisdiction to entertain this appeal, we dismiss this appeal for want of jurisdiction.

PER CURIAM

February 21, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.