In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00115-CR**
_____

**DAVID EARL STANLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 258th District Court**
**Polk County, Texas**
**Trial Cause No. 19,197**

## MEMORANDUM OPINION

Appellant David Earl Stanley filed a notice of appeal from the trial court's order denying his motion for clarification of the terms of his restitution. On May 13, 2021, we notified the parties that it appears the order Stanley seeks to appeal is neither a final judgment nor an appealable order. The court requested a written reply from the parties identifying the particular statute or rule authorizing an appeal and warned that we would dismiss the appeal for lack of jurisdiction unless our jurisdiction over the appeal is established. Stanley filed a response in which he

1

argues that because a judgment nunc pro tunc is appealable, "it logically follows" that an order denying a requested judgment nunc pro tunc is appealable. For the reasons explained below, Stanley failed to establish that the order is appealable.

This Court previously affirmed Stanley's conviction for arson. *See Stanley v. State*, No. 09-10-00067-CR, 2010 WL 4922909 (Tex. App.—Beaumont Dec. 1, 2010, no pet.) (mem. op., not designated for publication). The right to appeal in criminal cases is conferred by statute, and a party may appeal only from a judgment of conviction or an interlocutory order as authorized by statute. *See* Tex. Code Crim. Proc. Ann. art. 44.02; *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). An order denying a motion seeking a judgment nunc pro tunc is generally not appealable. *See Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2018) (holding that no rule, statute, or constitutional provision authorizes appeal of a post-judgment order denying a time-credit motion); *Sanchez v. State*, 112 S.W.3d 311, 312 (Tex. App.—Corpus Christi 2003, no pet.) (holding that the appellate court lacked jurisdiction to review an order denying a request for judgment nunc pro tunc).[1]

---

[1] We express no opinion as to whether Stanley could file a petition for mandamus relief or seek habeas corpus relief. *See Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010) (holding that if a trial court denies a motion for judgment nunc pro tunc, relief may be sought by filing a petition for writ of mandamus). To the extent Stanley is seeking post-conviction relief from a final felony conviction, the Texas Court of Criminal Appeals has exclusive appellate

We conclude that the trial court has not signed an appealable order over which this Court has jurisdiction. Accordingly, for all these reasons, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 37.1.

APPEAL DISMISSED.

PER CURIAM

Submitted on June 22, 2021
Opinion Delivered June 23, 2021
Do Not Publish

Before Golemon, C.J., Kreger and Johnson, JJ.

---

jurisdiction over such matters. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also* Tex. Code Crim. Proc. Ann. art. 11.07.