**Opinion filed September 9, 2021**



# In The

# Eleventh Court of Appeals

_____

## No. 11-21-00161-CR

_____

## JUSTIN WILLIAM FULLER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CR15178**

## M E M O R A N D U M   O P I N I O N

Justin William Fuller, Appellant, pled guilty to the offense of burglary of a habitation and pled true to an enhancement allegation. His punishment was assessed at imprisonment for fifteen years and fine of $2,000. Appellant subsequently filed a pro se notice of appeal. We dismiss his appeal for want of jurisdiction.

When the appeal was filed in this court, we notified Appellant that the notice of appeal appeared to be untimely and that the appeal may be dismissed for want of jurisdiction. We requested a response showing grounds to continue this appeal.

In his response, Appellant asserted that his "Nunc Pro Tunc Interlocutory Appeal" complied with *Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012), and the Texas Code of Criminal Procedure. On the same day that we received Appellant's response, we also received a supplemental clerk's record from the district clerk's office. The supplemental clerk's record contains a pro se motion for a nunc pro tunc judgment and sentence, the State's response to that motion, and the trial court's order denying the motion. Because the trial court denied Appellant's motion for a nunc pro tunc judgment and therefore did not enter a nunc pro tunc judgment, *Blanton* (which provides that nunc pro tunc *judgments* are appealable orders) is inapposite. *See Blanton*, 369 S.W.3d at 904.

An intermediate appellate court has no jurisdiction over an appeal from an order denying a request for a nunc pro tunc judgment because such an order is not an appealable order. *Gonzalez v. State*, No. 11-17-00056-CR, 2017 WL 1275540, at *1 (Tex. App.—Eastland Mar. 31, 2017, no pet.) (mem. op., not designated for publication); *Sims v. State*, No. 05-14-01438-CR, 2014 WL 6453607, at *1 (Tex. App.—Dallas Nov. 18, 2014, no pet.) (mem. op., not designated for publication); *Sanchez v. State*, 112 S.W.3d 311, 312 (Tex. App.—Corpus Christi 2003, no pet.); *Everett v. State*, 82 S.W.3d 735 (Tex. App.—Waco 2002, pet. dism'd). Thus, we have no jurisdiction to entertain an appeal from the trial court's denial of Appellant's motion for a nunc pro tunc judgment.

Furthermore, we have no jurisdiction over this appeal to the extent that Appellant desires to appeal from the judgment of conviction. Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed or suspended in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a). A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R.

APP. P. 25.2(c)(1). The documents on file in this appeal indicate that Appellant's sentence was imposed on July 16, 2019, and that Appellant filed his notice of appeal on August 2, 2021, more than two years after his sentence was imposed.

Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain an appeal from a criminal conviction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993). Therefore, to the extent that Appellant desires to appeal the 2019 judgment of conviction, we have no jurisdiction over this appeal and must dismiss it. *See Slaton*, 981 S.W.2d at 210.

We dismiss this appeal for want of jurisdiction.

PER CURIAM

September 9, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.