**DISMISS and Opinion Filed April 24, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00179-CR**

**ROGER S. BEAL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F07-30163-S**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Kennedy, and Justice Garcia
Opinion by Chief Justice Burns

Appellant filed notice of appeal on October 5, 2022. We lack jurisdiction over this appeal because there is no order from the trial court relating to this notice of appeal.

On November 16, 2007, appellant was convicted of aggravated sexual assault and sentenced to twenty-five years' imprisonment. On September 13, 2022, appellant filed a "Nunc Pro Tunc" motion praying that the trial court "find that the sentence handed down in its judgment, Petitioner's sentences run concurrent." The

record does not show that the trial court ruled on the motion. Appellant filed notice of appeal on October 5, 2022.

A defendant perfects his appeal by timely filing a written notice of appeal with the trial court clerk. *See* TEX. R. APP. P. 25.2(c). To be timely, the notice of appeal must be filed within thirty days after the date sentence was imposed or within ninety days after sentencing if the defendant timely filed a motion for new trial. *See* TEX. R. APP. P. 26.2(a). A motion for new trial must be filed no later than thirty days after sentence is imposed or suspended in open court. TEX. R. APP. P. 21.4(a). The rules of appellate procedure allow the time to file a notice of appeal to be extended if the party files, within fifteen days of the filing deadline, the notice of appeal in the trial court and a motion to extend the time to file the notice of appeal in the court of appeals. *See* TEX. R. APP. P. 10.5(b), 26.3. In the absence of a timely perfected notice of appeal, the Court must dismiss the appeal for lack of jurisdiction. *Ex parte Castillo*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).

Sentence was imposed against appellant on November 16, 2007. Therefore, appellant's notice of appeal was due December 16, 2007, or as late as March 15, 2008, if he timely filed a motion for new trial and filed a motion for extension of time to file notice of appeal. Appellant's notice of appeal filed September 13, 2022, does not perfect appellant's appeal from his conviction.

To the extent appellant may be seeking to appeal from the trial court's failure to rule on his "Nunc Pro Tunc Motion," this Court has no jurisdiction to entertain an appeal unless the trial court has entered a judgment or appealable order. *See* Tex. R. App. P. 26.2(a)(1); *State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012); *Henderson v. State*, 153 S.W.3d 735, 735–36 (Tex. App.—Dallas 2005, no pet.). The entry of a nunc pro tunc judgment is an appealable order. *Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012). In contrast, the trial court's denial of relief or refusal to rule on a motion for judgment nunc pro tunc does not create an appealable order that may serve as a basis for appellate jurisdiction. *See Desilets v. State*, 495 S.W.3d 553, 554 (Tex. App.—Beaumont 2016, no pet.) (dismissing appeals from order denying request for judgments nunc pro tunc); *Sanchez v. State*, 112 S.W.3d 311, 311–312 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.) (per curiam) (same); *see also Lopez v. State*, No. 05-19-00096-CR, 2019 WL 1486919, at *1 (Tex. App.—Dallas Apr. 4, 2019, no pet.) (mem. op., not designated for publication) (dismissing appeal where record showed trial court had not ruled on motion seeking nunc pro tunc relief).

Because the record in this case shows the trial court has not taken any action on appellant's motion and did not sign an appealable order, we have no jurisdiction to entertain appellant's appeal. *See Henderson*, 153 S.W.3d at 735–36; *Desilets*, 495 S.W.3d at 554; *see also Lopez*, 2019 WL 1486919, at *1.

We dismiss appellant's appeal for lack of jurisdiction.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
2300179F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

ROGER S. BEAL, Appellant

No. 05-23-00179-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas Trial Court Cause No. F07-30163-S. Opinion delivered by Chief Justice Burns. Justices Kennedy and Garcia participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered April 24, 2023

–5–