

# NUMBER 13-23-00096-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

FRANCISCO J. SOLIS
A/K/A FRANKIE SOLIS,                                              Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

On appeal from the 138th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Benavides**

Appellant Francisco J. Solis a/k/a Frankie Solis, proceeding pro se, attempts to appeal from the alleged denial of a motion to correct his sentence of imprisonment. As discussed below, we dismiss the appeal for want of jurisdiction.

On February 9, 2023, appellant filed a pro se notice of appeal. Appellant alleged that this Court possessed appellate jurisdiction to review "clear error" regarding the illegal stacking" of two criminal sentences. On March 6, 2023, the Clerk of this Court notified appellant that it appeared that there was no final, appealable order, advised appellant to correct this defect, if possible, and informed appellant that the appeal would be subject to dismissal if the defect was not corrected. *See* TEX. R. APP. P. 37.1.

Appellant subsequently filed a motion for extension of time to respond to the Clerk's directive and concomitantly filed a motion seeking the appointment of an attorney to represent him on appeal. On April 13, 2023, this Court granted appellant's motion for extension of time, abated the appeal, and remanded the case to the trial court to determine if appellant was entitled to court-appointed counsel.

Upon remand, the trial court appointed counsel to represent appellant in this appeal. Accordingly, we reinstated the appeal and advised appellant's appointed counsel that there did not appear to be a final, appealable order in the case. *See id.* On July 4, 2023, appointed counsel advised the Court that the record fails to contain any ruling on appellant's motion to correct his sentence, and even if there were, such an order would not support appellate jurisdiction. *See Desilets v. State*, 495 S.W.3d 553, 554 (Tex. App.—Beaumont 2016, no pet.) ("While appeals courts have jurisdiction over appeals from a final judgment of conviction, they do not have jurisdiction over appeals from orders denying requests for the entry of judgments nunc pro tunc because no statute has been passed creating appellate jurisdiction over such appeals.") (collecting cases).

The Court, having examined and fully considered the notice of appeal, appointed counsel's response to the Clerk's directives, and the applicable law, is of the opinion that we lack jurisdiction over this appeal. Accordingly, we dismiss this appeal for lack of jurisdiction.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
13th day of July, 2023.