**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00030-CR
NO. 09-24-00031-CR
NO. 09-24-00032-CR

_____

**CALVIN COLLIDGE FEARS JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 1A District Court**
**Tyler County, Texas**
**Trial Cause Nos. 13,510, 13,569, and 13,570**

**MEMORANDUM OPINION**

In 2019, the trial court sentenced Calvin Collidge Fears Jr. on three convictions for aggravated robbery. In November 2023, Fears filed notices of appeal from the trial court's orders denying his motions requesting that the trial court issue judgments nunc pro tunc in the three cases, Trial Cause Numbers 13,510, 13,569, and 13,570.

On January 26, 2024, in each appeal, the Clerk of the Court notified the parties that it appeared the orders from which Fears had filed his appeals were not final judgments, nor were they appealable orders. In his responses to the Clerk's notices, Fears argues that while he was indicted for aggravated robbery, he should have been convicted of robbery because he used a BB gun when committing the offenses and the trial court did not make a deadly weapon finding on any of the judgments.

As supporting authority, Fears cites *Guthrie-Nail v. State*, 506 S.W.3d 1 (Tex. Crim. App. 2015). In *Guthrie-Nail,* the Court of Criminal Appeals held that a defendant was entitled to notice and a hearing before the trial court's signing of an unfavorable judgment nunc pro tunc. *Id*. A nunc pro tunc judgment is an appealable order under Article 44.02 of the Texas Code of Criminal Procedure if the notice of appeal is filed within 30 days of the date on which the trial court signs the new judgment. *Blanton v. State*, 369 S.W.3d 894, 903 (Tex. Crim. App. 2012); *see also* Tex. Code Crim. Proc. Ann. art. 44.02.

That's not what happened here. In these cases, the trial court denied Fears' requests seeking judgments nunc pro tunc. Consequently, there are no new judgments to appeal. We have addressed this same issue previously, explaining that "[w]hile appeals courts have jurisdiction over appeals from a final judgment of conviction, they do not have jurisdiction over appeals from orders denying requests for the entry of judgments nunc pro tunc because no statute has been passed creating

2

appellate jurisdiction over such appeals." *Desilets v. State*, 495 S.W.3d 553, 554 (Tex. App.—Beaumont 2016, pet. ref'd).

We conclude the Court does not have appellate jurisdiction of the orders that Fears is seeking to appeal since all three orders simply denied his post-conviction motions seeking judgments nunc pro tunc. Accordingly, Fears' appeals are dismissed for lack of jurisdiction.

APPEALS DISMISSED.

PER CURIAM

Submitted on April 30, 2024
Opinion Delivered May 1, 2024
Do Not Publish

Before Golemon, C.J., Horton and Wright, JJ.