**Ex parte Donald R. BURR.**

**No. 05–04–00481–CR.**

Court of Appeals of Texas, Dallas.

June 25, 2004.

Rehearing Overruled July 28, 2004.

Donald R. Burr, Grand Prairie, pro se.

William T. (Bill) Hill, Jr., Dallas, for State.

Before Chief Justice THOMAS and Justices MORRIS and WHITTINGTON.

## OPINION

Opinion by Justice WHITTINGTON.

Donald R. Burr was convicted of a sex offense subject to registration under chapter 62 of the Texas Code of Criminal Procedure and was sentenced to five years' confinement. *See generally* TEX.CODE CRIM. PROC. ANN. arts. 62.01–.14 (Vernon Supp.2004). Following his parole in 2003, appellant filed a motion in the trial court seeking a temporary restraining order preventing publication of his sister's address, at which appellant stated he would be residing. *See* TEX.CODE CRIM. PROC. ANN. art. 62.07.[1] The trial judge denied appellant's motion, and this appeal followed. In this case of first impression, we must decide whether the judge's ruling is appealable. For the following reasons, we conclude it is not and dismiss the appeal for want of jurisdiction.

■ "The right to appeal in a criminal case is a substantive right determined solely within the province of the Legislature." *Sanchez v. State,* 112 S.W.3d 311, 311 (Tex.App.-Corpus Christi 2003, no pet.) (per curiam) (citing *Lyon v. State,* 872 S.W.2d 732, 734 (Tex.Crim.App.1994)); *see also Bayless v. State,* 91 S.W.3d 801, 805 (Tex.Crim.App.2002) ("a defendant's right to appeal is a statutorily created right"); *Basaldua v. State,* 558 S.W.2d 2, 4

(Tex.Crim.App.1977). The code of criminal procedure provides that "[a] defendant in any criminal action has the right to appeal under the rules hereinafter prescribed." TEX.CODE CRIM. PROC. ANN. art. 44.02 (Vernon 1979). Generally, a criminal defendant's right to appeal is limited to appeals from final judgments. *See State v. Sellers,* 790 S.W.2d 316, 321 n. 4 (Tex. Crim.App.1990); *Wright v. State,* 969 S.W.2d 588, 589 (Tex.App.-Dallas 1998, no pet.). Appellate courts do not have jurisdiction over criminal appeals where that jurisdiction has not been expressly granted to them. *See Apolinar v. State,* 820 S.W.2d 792, 794 (Tex.Crim.App.1991); *Wright,* 969 S.W.2d at 589; *see also Fry v. State,* 112 S.W.3d 611, 613 (Tex.App.-Fort Worth 2003, pet. ref'd).

■ Appellant is not appealing from the judgment of conviction. Rather, he is appealing the denial of his motion for a temporary restraining order under article 62.07. Nothing in the language of article 62.07 provides the right to appeal from the trial judge's ruling. *See* TEX.CODE CRIM. PROC. ANN. art. 62.07. Nor have we found any case law permitting such an appeal. The Legislature has granted the right to appeal from orders other than judgments of conviction in certain situations. *See, e.g.,* TEX.CODE CRIM. PROC. ANN. art. 42.12 (Vernon Supp.2004) (provisions regarding appeal of orders granting and revoking deferred adjudication and community supervision); TEX.CODE CRIM. PROC. ANN. art.

---

1. Article 62.07 states:

A person subject to registration under this chapter may petition the district court for injunctive relief to restrain a local law enforcement authority from publishing notice in a newspaper as required by Article 62.03 or 62.04. The court may issue a temporary restraining order under this article before notice is served and a hearing is held on the matter. After a hearing on the matter, the court may grant any injunctive

relief warranted by the facts, including a restraining order or a temporary or permanent injunction, if the person subject to registration under this chapter proves by a preponderance of the evidence specific facts indicating that newspaper publication under Article 62.03 or 62.04 would place the person's health and well-being in immediate danger.

TEX.CODE CRIM. PROC. ANN. art. 62.07 (Vernon Supp.2004).

44.01 (Vernon Supp.2004) (State's right to appeal certain matters); Tex.Code Crim. Proc. Ann. art. 62.13(g) (State's right to appeal order excusing juvenile from sex offender registration); Tex.Code Crim. Proc. Ann. art. 64.05 (Vernon Supp.2004) (right to appeal order regarding post-conviction DNA testing). That the Legislature did not include a similar right to appeal in the language of article 62.07 indicates the Legislature did not intend to permit an appeal from a ruling under this statute. *See Rivera v. State,* 89 S.W.3d 55, 58–59 (Tex.Crim.App.2002) (contrasting language of articles 64.03 and 64.04 as evidence of legislative intent); *Gibson v. State,* 995 S.W.2d 693, 697 (Tex.Crim.App. 1999) (concluding Legislature's failure to include language in section 49.09 that prior DWI offenses be sequential indicated intent that there be no such requirement).

Because article 62.07 does not provide appellant a right to appeal the trial judge's ruling and we find no other authority permitting such an appeal, we conclude we do not have jurisdiction to address appellant's complaint. Accordingly, we dismiss the appeal for want of jurisdiction.