IN THE COURT OF CRIMINAL APPEALS

OF TEXAS






PD-1250-04






Ex parte DONALD ROGER BURR, Appellant






On Discretionary Review of Case 05-04-00841-CR of the

Fifth Court of Appeals from

Dallas County





 Per curiam.



 The appellant has petitioned this court for discretionary review of an appeal of a motion
under the Sex Offender Registration Program. His petition requires us to decide whether we have
jurisdiction to review a decision of a court of appeals on such a motion. We hold that we do.

I.


 The appellate jurisdiction of this court extends to "all criminal cases of whatever grade,
with such exceptions and under such regulations as may be provided in [the] Constitution or as
prescribed by law." (1) The issue now presented is whether this appeal is a "criminal case" that is
within our appellate jurisdiction.

 The issue arises because of changes to the judicial article of the Constitution of the State
of Texas. The people adopted the present Constitution in 1876. Originally, it limited the Supreme
Court's jurisdiction to civil cases (2) and created the Court of Appeals, which had appellate
jurisdiction that included all criminal cases of whatever grade. (3)

 Amendments in 1891 did away with the Court of Appeals and created the Court of
Criminal Appeals and Courts of Civil Appeals. The Court of Criminal Appeals had "appellate
jurisdiction co-extensive with the limits of the state, in all criminal cases of whatever grade, with
such exceptions and under such regulations as may be prescribed by law." (4) Courts of Civil
Appeals had "appellate jurisdiction co-extensive with the limits of their respective districts,
which shall extend to all civil cases of which the District Courts or County Courts have original
or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." (5)

 Soon the question arose, whether a court of civil appeals had jurisdiction of an appeal
from a forfeiture of a bail bond given in a criminal proceeding. The Supreme Court held in 1894,
"This is a criminal case, within the meaning of the constitution and laws of the state, and the
court of civil appeals has no jurisdiction ." (6) A short-lived change of the constitutional
language, from "criminal cases" to "criminal law matters" between 1977 and 1981 did not make
a difference. We said in 1978, "Prior decisions of this Court and the Supreme Court leave no
doubt that a bond forfeiture proceeding is 'criminal in nature.' This satisfies the requirement of
[the Constitution] limiting our jurisdiction to cases 'regarding criminal matters.'" (7)

 We also have said, "The provision for appointment and compensation of attorneys to
represent indigents in criminal law matters is certainly itself a criminal law matter." (8)

 On the other hand, proceedings that are related to criminal cases may not be criminal
cases. They include: a district court's order requiring a person who had been convicted of
deserting his spouse and child to pay them money weekly, (9) a suit seeking expunction of an arrest
record, (10) and a proceeding for forfeiture of property derived from a criminal offense. (11)

 Recently we were called on to decide whether an appeal from an order denying post-conviction DNA testing was a criminal case. Relying on the 1894 decision of the Supreme Court
on bail-bond forfeiture, we held that it was. (12) We said, "The overriding principle to be gleaned
from all of these authorities  is that this Court will entertain an appeal when it is expressly
authorized by statute and when it is related to the 'standard definition' of a criminal case," in
which there has been a finding of guilt and an assessment of punishment. (13)

 These precedents guide our decision on the issue of this Court's jurisdiction of an appeal
under the Sexual Offender Registration Program.

II.


 In 1991, an act of the Seventy-second Legislature established a "Sexual Offender
Registration Program" in an article of the Revised Statutes. (14) It required a person who had a
criminal conviction (or a juvenile adjudication) for certain sexual offenses to register with the
local law enforcement authority in the place in which he resided or intended to reside. The next
Legislature amended the statute, and at least two acts of each succeeding Legislature have
amended the substance of the program. (15) Among the amendments were one in 1997 that moved
the statutes to Chapter 62 of the Code of Criminal Procedure under the caption "Sex Offender
Registration Program," (16) and another in 2005 that completely revised Chapter 62. (17)

 A person may be required to register:

(1) because he has a reportable conviction or adjudication, or 

(2) as a condition of 

 (a) parole, or 

 (b) release on mandatory supervision, or

 (c) community supervision. (18)

 On January 6, 2004, the appellant, acting pro se, filed in the district court a motion that
alleged, "Pursuant to a 5-year sentence and conviction, petitioner is now required under Texas
law to register as a sex-offender." He moved for a temporary restraining order preventing
publication of the address at which he would be residing. Such an order was authorized by
former Article 67.02 of the Code of Criminal Procedure, which was then in effect:

 A person subject to registration under this chapter may petition the district court
for injunctive relief to restrain a local law enforcement authority from publishing
notice in a newspaper as required by Article 62.03 or 62.04. The court may issue a
temporary restraining order under this article before notice is served and a hearing
is held on the matter. After a hearing on the matter, the court may grant any
injunctive relief warranted by the facts, including a restraining order or a temporary or permanent injunction, if the person subject to registration under this
chapter proves by a preponderance of the evidence specific facts indicating that
newspaper publication under Article 62.03 or 62.04 would place the person's
health and well-being in immediate danger. (19)


The district court denied the motion, and the appellant appealed. The Court of Appeals dismissed
the appeal for want of jurisdiction because the statutes did not provide, nor was there other
authority, for an appeal. (20)

 Now the appellant has petitioned this court for discretionary review of the Court of
Appeals' decision in his appeal. The parties have briefed the issue of jurisdiction..

 The appellant was required to register because he had a reportable conviction. That
requirement is related to the standard definition of a criminal case, in that its requirements apply
to the appellant because he was found guilty and assessed a punishment.

 Therefore we hold that the Court of Appeals' decision on the attempted appeal was a
decision in a criminal case, which this Court has jurisdiction to review.

 Exercising that jurisdiction, we refuse the appellant's petition for discretionary review.


Delivered on March 1, 2006.

Publish.
1. Tex. Const. art. V, § 5.
2. "The Supreme Court shall have appellate jurisdiction only, which shall be coextensive with the limits of
the state; but shall only extend to civil cases of which the district courts have original or appellate jurisdiction."
Constitution of 1876, art. V, § 3.
3. Id., § 6.
4. Constitution, art. V, § 5 (1891).
5. Id., § 6.
6. Jeter v. State, 86 Tex. 555, 557, 26 S.W. 49, 49 (1894).
7. State ex rel. Vance v. Routt, 576 S.W.2d 903, 906 (Tex. Cr. App. 1978) (citations omitted).
8. Weiner v. Dial, 653 S.W.2d 786, 787 (Tex. Cr. App. 1983).
9. Garcia v. State, 118 Tex. Crim. 88, 39 S.W.2d 894 (1931).
10. Ex parte Paprskar, 573 S.W.2d 525 (Tex. Cr. App. 1978).
11. Ex parte Rogers, 804 S.W.2d 945, 948 (Tex. App. -- Dallas 1990).
12. Kutzner v. State, 75 S.W.3d 427, 429 (Tex. Cr. App. 2002).
13. Id., at 431.
14. See Act of June 15, 1991, 72nd Leg., R.S., ch. 572, § 1, 1991 Tex. Gen. Laws 2029, 2029-30 (adding
art. 6252-13c.1).
15. See: Act of June 18, 1993, 73rd Leg., R.S., ch. 866, 1993 Tex. Gen. Laws 3420;

Act of May 29, 1995, 74th Leg., R.S., ch. 258, §§ 1-8, 15-16, 1995 Tex. Gen. Laws 2197, 2197-2202, 2205-06;

Act of June 15, 1995, 74th Leg., R.S., ch. 676, 1995 Tex. Gen. Laws 3694;

Act of June 13, 1997, 75th Leg., R.S., ch. 667, §§ 5-6, 1997 Tex. Gen. Laws 2250, 2252;

Act of June 13, 1997, 75th Leg., R.S., ch. 668, § 1, 1997 Tex. Gen. Laws 2253, 2253-61;

Act of June 20, 1997, 75th Leg., R.S., ch. 1430, §§ 8-9, 1997 Tex. Gen. Laws 5493, 5495-96;

Act of June 18, 1999, 76th Leg., R.S., ch. 444, 1999 Tex. Gen. Laws 2824;

Act of June 18, 1999, 76th Leg., R.S., ch. 791, 1999 Tex. Gen. Laws 3415;

Act of June 18, 1999, 76th Leg., R.S., ch. 1193, §§ 4-8, 1999 Tex. Gen. Laws 4178, 4179-81;

Act of June 19, 1999, 76th Leg., R.S., ch. 1415, §§ 7-18, 1999 Tex. Gen. Laws 4831, 4833-40;

Act of June 19, 1999, 76th Leg., R.S., ch. 1557, 1999 Tex. Gen. Laws 5354;

Act of May 1, 2001, 77th Leg., R.S., ch. 19, 2001 Tex. Gen. Laws 30;

Act of May 18, 2001, 77th Leg., R.S., ch. 177, 2001 Tex. Gen. Laws 356;

Act of May 21, 2001, 77th Leg., R.S., ch. 211, §§ 2-12, 2001 Tex. Gen. Laws 399, 400-02;

Act of June 14, 2001, 77th Leg., R.S., ch. 932, 2001 Tex. Gen. Laws 1870;

Act of June 15, 2001, 77th Leg., R.S., ch. 1159, §§ 2-6, 2001 Tex. Gen. Laws 2619, 2619-21;

Act of June 16, 2001, 77th Leg., R.S., ch. 1297, §§ 53-54, 72(f), 2001 Tex. Gen. Laws 3142, 3169-71, 3175;

Act of June 18, 2003, 78th Leg., R.S., ch. 283, §§ 36-37, 2003 Tex. Gen. Laws 1221, 1237-39;

Act of June 18, 2003, 78th Leg., R.S., ch. 347, §§ 1-15, 33, 2003 Tex. Gen. Laws 1505, 1505-14, 1519;

Act of June 20, 2003, 78th Leg., R.S., ch. 1005, §§ 8-10, 12, 2003 Tex. Gen. Laws 2944, 2946-47;

Act of June 21, 2003, 78th Leg., R.S., ch. 1275, §§ 2(10), 3(4), 2003 Tex. Gen. Laws 4140, 4140, 4149
(nonsubstantive changes);

Act of June 21, 2003, 78th Leg., R.S., ch. 1276, §§ 5.003, 2003 Tex. Gen. Laws 4158, 4172-73 (nonsubstantive
changes);

Act of June 21, 2003, 78th Leg., R.S., ch. 1300, §§ 3-4, 10, 2003 Tex. Gen. Laws 4729, 4729-30;

Act of June 18, 2005, 79th Leg., R.S., ch. 1008, 2005 Tex. Gen. Laws 3385.
16. See Act of June 13, 1997, supra note 15.
17. See Act of June 18, 2005, supra note 15, at § 1.01, 2005 Tex. Gen. Laws, at 3386-3418.
18. Tex. Code Crim. Proc. art. 62.051(a). Although the statute was amended in 2005, it did not materially
change the requirement that was in effect when the appellant's motion was before the District Court and the Court of
Appeals.
19. Act of June 13, 1997, supra note 15 (former Code Crim. Proc. art. 62.07), repealed by Act of June 18,
2005, supra note 15.
20. Ex parte Burr, 139 S.W.3d 446 (Tex. App. -- Dallas 2004).