**DISMISS and Opinion Filed February 14, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01652-CR

## KENNETH BAZE, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F07-01229-T**

### OPINION

Before Justices Francis, Lang, and Evans
Opinion by Justice Francis

In 2007, Kenneth Baze pleaded nolo contendere to the offense of injury to a child. The trial court deferred adjudicating guilt and placed appellant on community supervision for ten years. The State filed a motion to adjudicate guilt, which resulted in a five-year extension of appellant's community supervision.[1] Following a subsequent motion to adjudicate, the trial court amended the conditions of appellant's supervision to include that he have no form of contact with any minor child under 17 years of age and that he not go within 1000 feet of any premise where children under 17 years of age congregate or participate in activities in which children under 17 years of age were involved.

---

[1] We dismissed the appeal from this extension for want of jurisdiction. *Baze v. State*, No. 05-08-00672-CR (Tex. App.—Dallas Jan. 28, 2010, no pet.).

On September 12, 2012, appellant filed a motion to lift the sex offender requirements. The trial judge denied appellant's motion, but gave appellant "permission" to appeal his ruling. We sent appellant and the State a letter directing them to file letter briefs addressing our jurisdiction over the appeal, but neither replied. For the reasons set forth below, we conclude we lack jurisdiction over the appeal.

The clerk's record contains a docket sheet entry reflecting the trial court's ruling, but no written order memorializing the ruling. A docket sheet entry does not satisfy the requirement of a written order. *See Shaw v. State*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.).

Moreover, appellant's community supervision was not revoked. Rather, the trial judge denied appellant's motion to modify the conditions of his community supervision. That order is not an appealable order. *See Basaldua v. State*, 558 S.W.2d, 2, 5 (Tex. Crim. App. 1977). We are aware of no statutory authority that allows the trial court to give a defendant in a criminal case permission to appeal an otherwise unappealable interlocutory order. *See* Tex. Code Crim. P. Ann. art. 44.02 (West 2006); Tex. R. App. P. 25.2(b) (right to appeal in criminal cases); 31.1 (appeals in habeas bail, or extradition proceedings in criminal cases); *Ex parte Burr*, 139 S.W.3d 446, 447 (Tex. App.—Dallas 2004), *pet. ref'd*, 185 S.W.3d 451 (Tex. Crim. App. 2006).

We dismiss the appeal for want of jurisdiction.

    /Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
Tex. R. App. P. 47
121652F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KENNETH BAZE, Appellant

No. 05-12-01652-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F07-01229-T.
Opinion delivered by Justice Francis,
Justices Lang and Evans participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered February 14, 2013.

/Molly Francis/

MOLLY FRANCIS
JUSTICE