

# In the Court of Criminal Appeals of Texas

---
No. PD-0302-22
---

## EX PARTE CAMERON MICHAEL MOON,
*Appellant*

---

On State's Petition for Discretionary Review
From the First Court of Appeals
Harris County

---

YEARY, J., delivered the opinion of the Court, in which KELLER, P.J., and RICHARDSON, KEEL, SLAUGHTER, and MCCLURE, JJ., joined. HERVEY and NEWELL, JJ., concurred in the result. WALKER, J., dissented.

We originally granted the State's petition for discretionary review in this case to address the holdings of the court of appeals. Instead, our resolution of this matter turns on our construction of former Texas Code of Criminal Procedure Article 44.47(b). That Article provided that "A

defendant may appeal a transfer under Subsection (a) [of the same Article] only in conjunction with the appeal of a conviction of or an order of deferred adjudication for the offense for which the defendant was transferred to criminal court."[1] Former TEX. CODE CRIM. PROC. art. 44.47(b) (repealed by Acts 2015, 84th Leg., ch. 74 (S.B. 888), § 4, p. 1066, eff. Sept. 1, 2015).

After Appellant was certified in juvenile court to stand trial as an adult, the juvenile court ordered his case transferred to the 178th District Court for adult criminal proceedings.[2] Appellant then filed a pretrial application of writ of habeas corpus challenging the transfer. The district court denied relief, so Appellant took an interlocutory appeal.

The First Court of Appeals reversed the district court's order denying relief. It concluded that the State had failed to establish the necessary statutory criteria for waiver of juvenile jurisdiction and transfer into the adult criminal court. As a result, the court of appeals remanded the case with instructions to dismiss the prosecution for lack of jurisdiction. *Ex parte Moon*, 649 S.W.3d 700, 720−21 (Tex. App.—Houston [1st Dist.] 2022).

We granted the State's petition for discretionary review to consider several issues related to the juvenile court's transfer order,

---

[1] Subsection (a) provided: "A defendant may appeal an order of a juvenile court certifying the defendant to stand trial as an adult and transferring the defendant to a criminal court under Section 54.02, Family Code." Former TEX. CODE. CRIM. PROC. art. 44.47(a).

[2] For the balance of this opinion, we will refer to the 178th District Court, to which the case was transferred for adult criminal proceedings, as simply "the district court," to differentiate it from the juvenile court.

including whether the court of appeals erred to hold that such a challenge is even cognizable in pretrial habeas. *Id*. at 716−17. However, we now conclude that, even if Appellant's claims were cognizable in a pretrial habeas proceeding, the court of appeals lacked the authority to entertain Appellant's interlocutory appeal. Accordingly, we reverse the court of appeals' judgment and remand to that court for an order dismissing Appellant's appeal as premature.

## I. BACKGROUND

### A. The First Transfer

This is not the first time we have considered Appellant's case. He was first transferred from juvenile court to an adult district court in 2008 to face a charge of capital murder, allegedly committed when he was sixteen years old. After he was convicted of that offense in adult criminal court, he challenged the adequacy of the juvenile court's certification and transfer order on direct appeal, and the court of appeals granted relief. *Moon v. State*, 410 S.W.3d 366, 378 (Tex. App.—Houston [1st Dist.] 2013). The court of appeals held that, "[b]ecause the juvenile court abused its discretion in waiving its jurisdiction over [Appellant] and certifying him for trial as an adult, the district court lacked jurisdiction over this case." *Id*. The court of appeals then declared that "[t]he case remains pending in the juvenile court." *Id*.

On discretionary review, this Court affirmed the court of appeals' judgment. *Moon v. State*, 451 S.W.3d 28, 51−52 (Tex. Crim. App. 2014). Among other things, the Court affirmed the court of appeals' ultimate disposition of the case (*i.e.*, that it "remains pending in the juvenile court"). *Id*. at 52 n.90. The Court did observe, however, that it might be

possible for the State to re-initiate adult criminal proceedings against Appellant, even though he had since exceeded the age of eighteen, under Section 54.02(j) of the Texas Family Code. *Id*. (citing TEX. FAM. CODE § 54.02(j)).

## B. The Second Transfer

The State then proceeded to do exactly that. It filed a second motion requesting the juvenile court to once again (1) waive its exclusive jurisdiction, and (2) certify Appellant to stand trial as an adult, under Section 54.02(j) of the Juvenile Code. After a hearing on that motion, the juvenile court signed an order waiving jurisdiction and transferring the case to the district court for adult proceedings. That order was signed on May 7, 2015—a date that will prove critical to our ultimate disposition today.

Following Appellant's subsequent indictment in the district court, he filed a pretrial application for writ of habeas corpus challenging the propriety of the juvenile court's second certification and transfer order. In his writ application he challenged, among other things, whether all the statutory criteria for waiver of juvenile jurisdiction and transfer to criminal court had been satisfied. Specifically, he contended that, before a proper transfer pursuant to Section 54.02(j)(3) was authorized, it must be shown that "no *adjudication* concerning the alleged offense" had occurred and that "no *adjudication* hearing concerning the offense" had been held. TEX. FAM. CODE § 54.02(j)(3) (emphasis added). Appellant argued that he *had*, in fact, been "*adjudicated*" for the capital offense when he was previously tried and convicted in district court in 2008. The district court rejected all of Appellant's arguments, including this one,

and denied Appellant's pretrial writ application.

Appellant immediately appealed the denial of pretrial habeas relief. And the court of appeals reversed the district court's denial of relief. In doing so, the court of appeals addressed only two aspects of the case: (1) whether Appellant's claims were cognizable in pretrial habeas proceedings; and (2) whether the criteria of Section 54.02(j)(3), requiring the lack of a previous "adjudication," had been satisfied in the juvenile court, given Appellant's previous prosecution in adult court for the capital murder. *See, respectively*, *Moon*, 649 S.W.3d at 716–17 (addressing cognizability); *id.* at 717–20 (addressing the Section 54.02(j)(3) criteria). Concluding that the claim *was* cognizable, and that the criteria under Section 54.02(j)(3) were *not* satisfied, since Appellant had in fact been previously adjudicated, the court of appeals again ordered the district court to dismiss the case for lack of jurisdiction. *Id.* It therefore found it unnecessary to address Appellant's other arguments challenging the validity of the transfer proceedings. *Id.* at 720–21 & n.18.

Addressing cognizability,[3] the court of appeals observed that, if sustained, Appellant's argument relating to the requirements of Section 54.02(j)(3) would deprive the district court of the power to proceed. Because that would require dismissal of the criminal case, the court of appeals concluded, the claim was cognizable in pretrial habeas corpus proceedings under this Court's precedents. *Id.* at 717. The court of

---

[3] In appeals from trial court rulings on pretrial applications for writ of habeas corpus, courts of appeals should routinely address whether the particular claim is cognizable "as a threshold issue before reaching the merits of the claim." *Ex parte Couch*, 629 S.W.3d 217 (Tex. Crim. App. 2021).

appeals then addressed several of the State's arguments that the Section 54.02(j)(3) criteria were satisfied. *Id*. at 718−19. The court of appeals rejected these arguments based on this Court's recent opinion in *Ex parte Thomas*, 623 S.W.3d 370 (Tex. Crim. App. 2021).

In *Thomas*, in a *post-conviction* habeas corpus proceeding, this Court disowned its opinion in *Moon*. It rejected the part of that opinion that had upheld the court of appeals' conclusion that deficiencies in Appellant's first transfer order deprived the district court of jurisdiction. It also decided that both *Moon* opinions (the one written by this Court and the one written by the court of appeals) erred to conclude that the deficiency in Appellant's juvenile certification and transfer order deprived the district court of jurisdiction. *Thomas*, 623 S.W.3d at 383.

The State argued here that *Thomas* should not control because the holdings of the court of appeals and of this Court in the prior *Moon* opinions constituted controlling "law of the case." In other words, the State contended, the district court—in *this* case—did not previously acquire jurisdiction to prosecute Appellant as an adult, so there had actually been no legitimate previous criminal "adjudication," and consequently, the criteria of Section 54.02(j)(3) were satisfied. The bottom line, according to the State, is that Appellant was properly transferred to stand trial in adult criminal court.

The court of appeals, however, found the State's law-of-the-case argument unpersuasive. Because of this Court's emphatic decision that the district court—in 2008—lacked jurisdiction to prosecute Appellant, the court of appeals concluded that the law-of-the-case doctrine should not bind it to its prior holding. *Moon*, 649 S.W.3d at 719. The State then

sought discretionary review.

### C. This Time, On Discretionary Review

The State originally raised three grounds for discretionary review. In its first two grounds for review, it argued that the court of appeals erred by holding that: (1) Appellant's claim was cognizable; and (2) the law-of-the-case doctrine did not control in this case. The State also presented a third ground for review, in which it contended—for the first time—that, (3) having accepted the benefit of the holdings in the prior *Moon* opinions, Appellant should be estopped from now arguing that they were wrong.

We granted all three of the State's grounds and, on our own motion, a fourth ground as well. *Ex parte Moon*, No. PD-0302-22, 2022 WL 4088312, at *1 (Tex. Crim. App. Sept. 7, 2022) (not designated for publication). In that fourth ground, we asked the parties to brief the question, addressed only in a footnote in the court of appeals' latest opinion, (4) whether Section 54.02(j)(3)'s references to an "adjudication" and an "adjudication hearing" have applicability beyond what those terms mean in the Family Code's juvenile justice provisions.[4] *Id.*; *see Moon*, 649 S.W.3d at 720 n.17 (addressing the scope

---

[4] In other words, are the words "adjudication" and "adjudication hearing" in Section 54.02(j)(3) essentially terms of art which have a tailored meaning in the context of juvenile proceedings, which meaning should not be extended to embrace criminal proceedings? *Cf. In re Hall*, 286 S.W.3d 925, 928−29 (Tex. 2009) (observing, in construing the word "detention" in a certain Family Code provision, that "we will not give an undefined statutory term a meaning that is out of harmony or inconsistent with other provisions in the statute. Thus, if a different, more limited, or precise definition [than ordinary usage] is apparent from the term's use in the context of the statute, we apply that meaning").

of the term "adjudication" as used in Section 54.02(j)(3)). We have now received the parties' briefs on the merits addressing these four issues.

To further complicate matters, Appellant has now filed a motion in this Court contesting our jurisdiction to entertain the State's petition. He claims that former Article 44.47(b), which is applicable to his case, does not permit this Court to entertain an appeal challenging a juvenile court's transfer order unless and until the ensuing criminal prosecution results in a conviction or deferred adjudication. Former TEX. CODE CRIM. PROC. art. 44.47(b).[5] Appellant seems to challenge this Court's discretionary review authority on the ground that, unless and until he is convicted, his claims relating to the validity of his transfer to adult

---

[5] Former Article 44.47 read, in its entirety:

> (a) A defendant may appeal an order of a juvenile court certifying the defendant to stand trial as an adult and transferring the defendant to a criminal court under Section 54.02, Family Code.

> (b) A defendant may appeal a transfer under Subsection (a) only in conjunction with the appeal of a conviction of or an order of deferred adjudication for the offense for which the defendant was transferred to criminal court.

> (c) An appeal under this section is a criminal matter and is governed by this code and the Texas Rules of Appellate Procedure that apply to a criminal case.

> (d) An appeal under this article may include any claims under the law that existed before January 1, 1996, that could have been raised on direct appeal of a transfer under Section 54.02, Family Code.

*See* Acts 2003, 78th Leg., ch. 283, § 30, pp. 1234−35, eff. Sept. 1, 2003 (latest amendment to Article 44.47 prior to its repeal in 2015).

court constitute a civil law matter and are therefore beyond this Court's appellate authority. For this reason, he urges that any discretionary review of the court of appeals' judgment should lie with the Texas Supreme Court.

We reject Appellant's challenge to our discretionary review authority in this case. But we do conclude that, given former Article 44.47(b)'s history and plain import, *any* purported appeal of the district court's pretrial habeas corpus order relating to the juvenile court's transfer order in this case was without authority. The court of appeals should not have entertained Appellant's appeal but should have simply dismissed it as premature—under former Article 44.47(b).

## II. ANALYSIS

### A. This Court's Discretionary Review Jurisdiction

The Texas Constitution confers upon this Court "final appellate jurisdiction coextensive with the limits of the state," and provides that "its determinations shall be final, *in all criminal cases* of whatever grade[.]" TEX. CONST. art. V, § 5(a) (emphasis added). The appellate jurisdiction of the Texas Supreme Court, by contrast, "shall be final and shall extend to all cases *except in criminal law matters*[.]" TEX. CONST. art. V, § 3(a) (emphasis added). The appellate jurisdiction of the courts of appeals "shall extend to *all cases* in which the District Courts or County Courts have original or appellate jurisdiction[.]" TEX. CONST. art. V, § 6(a) (emphasis added). Thus, while the courts of appeals have both civil and criminal appellate jurisdiction, this Court's appellate jurisdiction is limited to "criminal cases," and our authority in that context is "final." The Texas Supreme Court's appellate jurisdiction is

"final" in all matters *except* "criminal law matters." Moreover, the appellate jurisdiction of all the appellate courts of Texas is subject to legislative regulation. *See id.* § 5(a) ("with such exceptions and under such regulations as may be provided . . . by law"); *id.* § 3(a) ("and as otherwise provided . . . by law"); *id.* § 6(a) ("under such restrictions and regulations as may be prescribed by law").

Appellant argues that our appellate jurisdiction is limited by former Article 44.47(b), which applies to this case by virtue of when the juvenile court issued its latest order transferring jurisdiction to the district court.[6] Because this Court may entertain a challenge to a juvenile court's transfer order "only in conjunction with the appeal of a conviction," Appellant claims, our appellate jurisdiction does not cover review of a district court's order in a pretrial application for writ of habeas corpus which challenges such a transfer order.

To fill the perceived void in final appellate jurisdiction, Appellant argues that such an appeal must remain essentially a civil law matter, just as it would be if the appeal had directly emanated from an action taken by the juvenile court itself. Since the courts of appeals have civil and criminal appellate jurisdiction alike, Appellate contends, there was nothing to prevent the court of appeals from entertaining his appeal from the district court's denial of habeas corpus relief. And because it is

---

[6] When Article 44.47 was repealed in 2015, that change in law was made applicable only to juvenile transfer orders "issued on or after the effective date of this Act." Acts 2015, 84th Leg., ch. 74 (S.B. 888), § 5, p. 1066. The effective date was September 1, 2015. *Id.* § 6. As we have noted in the text, the second juvenile court's order transferring jurisdiction to the district court in this case was signed on May 7, 2015. Therefore, any appeal of Appellant's juvenile transfer order is governed by former Article 44.47.

a civil matter, Appellant argues, discretionary-review jurisdiction must inhere in the Texas Supreme Court, as the court with "final" appellate jurisdiction in all cases "except" those involving "criminal law matters."

We conclude that the appeal from the pretrial habeas corpus application in this case constitutes a "criminal law matter." The relief that Appellant prayed for in his pretrial application for writ of habeas corpus was that (1) the district court presiding over his *criminal* trial declare that it lacked jurisdiction to *prosecute* him as an adult, and that (2) the district court should therefore dismiss the *indictment* against him with prejudice. That kind of relief may only be obtained in the context of a "criminal case";[7] it is therefore manifestly a "criminal law matter," over which the Texas Supreme Court lacks final appellate jurisdiction.[8]

---

[7] *See Ex parte Burr*, 185 S.W.3d 451, 453 (Tex. Crim. App. 2006) ("[T]his Court will entertain an appeal [pursuant to its final appellate jurisdiction under Article V, Section 5(a) of the Texas Constitution] when it is expressly authorized by statute and when it is related to the 'standard definition' of a criminal case, in which there has been a finding of guilt and an assessment of punishment."). To the extent that Appellant's pretrial application for writ of habeas corpus impacts the district court's authority to preside over a "finding of guilt and an assessment of punishment," it constitutes a "criminal law matter" for purposes of Article V, Section 5(c), and the appeal of that question also is an appeal in a "criminal case" for purposes of Article V, Section 5(a). And so is the pursuit of discretionary review in this Court. There is no requirement that the defendant already have *been* found guilty and punished before a matter or case may be deemed "criminal." Any other conclusion "would call into question our jurisdiction to review most of the matters that the State may appeal pursuant to [TEX. CODE CRIM. PROC. art. 44.01], since these matters do not involve a situation where an accused has been found guilty of something and punishment has been assessed." *Kutzner v. State*, 75 S.W.3d 427, 431 (Tex. Crim. App. 2002).

[8] None of the cases that Appellant cites supports his argument that a defendant's appeal of an adverse ruling on a pretrial application for writ of

## B. The Court of Appeals' Authority

What Appellant's argument *does* raise is a question about the propriety of the court of appeals having entertained Appellant's appeal in the first place. Having had our attention drawn to former Article 44.47 by Appellant, it is apparent to us from both the history and language of that former Article that it limits a defendant's appeal, of *any kind*, that challenges the validity of a juvenile court's transfer order *solely* to the context of criminal post-conviction (or post-deferred adjudication) appellate review. Former Article 44.47 provides that a "defendant" may bring such an appeal "only in conjunction with the appeal of a conviction of or an order of deferred adjudication for the offense for which the defendant was transferred to criminal court." Former TEX. CODE CRIM. PROC. art. 44.47(b).

The starting point for determining statutory meaning is to

---

habeas corpus filed in a district court in a criminal case is appealable as a *civil matter*. All involve higher court review of proceedings *still pending in the juvenile court*, appeals of which either preceded the enactment of Article 44.47 or remained within the parameters of Section 56.01 of the Family Code even during the lifespan of Article 44.47. *See In the Matter of D.W.M.*, 562 S.W.2d 851 (Tex. 1978) (appeal of juvenile court's transfer order prior to enactment of Article 44.47); *In the Matter of W.L.C.*, 562 S.W.2d 454 (Tex. 1978) (same); *In the Matter of N.J.A.*, 997 S.W.2d 554 (Tex. 1999) (appeal of juvenile adjudication and disposition orders in the juvenile court); *Ex parte Valle*, 104 S.W.3d 888 (Tex. Crim. App. 2003) (refusing to apply TEX. CODE CRIM. PROC. art. 11.07 proceedings to review the legitimacy of a transfer hearing under TEX. FAM. CODE § 54.11, because appeal of a juvenile court's transfer order under *that* provision remains a matter of direct civil appeal, and the Texas Supreme Court had denied a petition for review); *In re Hall*, 286 S.W.3d 925 (Tex. 2009) (denying relief on an application for writ of mandamus seeking to compel a certain action by the juvenile court); *In re B.T.*, 323 S.W.3d 158 (Tex. 2010) (granting mandamus relief seeking to compel the *juvenile court* to conduct the transfer hearing in full accordance with Section 52.04; Supreme Court stayed the transfer hearing and no actual transfer order had yet issued).

examine both the literal text of the statute and its context; and part of the statutory context includes the history of the statute in question. *Timmons v. State*, 601 S.W.3d 345, 348, 354 & n.50 (Tex. Crim. App. 2020) (citing Antonin Scalia & Bryan Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 256 (2012) ("defining 'statutory history' as 'the statutes repealed or amended by the statute under consideration' and explaining that statutory history 'forms part of the context of [a] statute'")). Here, both the history and literal text and of former Article 44.47 make it clear that a defendant is not authorized to appeal from an adverse ruling in a pretrial habeas case that challenges a juvenile court's transfer order. The court of appeals should not have entertained Appellant's appeal.

## 1. History of Article 44.47

Before January 1, 1996, a defect or error in a juvenile court's transfer order was immediately appealable in the courts of appeals, as a civil matter, under then-Section 56.01, Subsections (a) and (c)(1), of the 1973 Juvenile Justice Code (Title 3 of the Family Code). *See* Acts 1973, 63rd Leg., ch. 544, § 1, p. 1483, eff. Sept. 1, 1973 ("An appeal may be taken [to the court of appeals] . . . by or on behalf of a child from an order entered under . . . Section 54.02 of this code respecting transfer of the child to criminal court for prosecution as an adult[.]"). But in 1995, the Legislature expressly repealed those provisions of the juvenile appeal statute (Section 56.01 of the Family Code) that provided for such an immediate civil appeal of a juvenile transfer order. *See* Acts 1995, 74th Leg., ch. 262, § 48, p. 2546 (repealing former TEX. FAM. CODE Section 56.01(c)(1)(A)). And it enacted former Article 44.47 in its place.

*Id.*, § 85, p. 2584 (enacting Art. 44.47 of the Code of Criminal Procedure).

Thus, the same legislative act accomplished two objectives. First, it eliminated the former statutory authority for a juvenile to directly appeal a juvenile transfer order as an interlocutory civil matter. Second, it enacted Article 44.47, which would thenceforth provide for appeal by a "defendant" of a juvenile transfer order entered under Section 54.02 of the Family Code (Article 44.47(a)),[9] but now expressly "as a criminal law matter" (Article 44.47(c)), and moreover, "only in conjunction with the appeal of a conviction" (or order of deferred adjudication) for the offense for which the juvenile was transferred (Article 44.47(b)).[10] As of 1996,

---

[9] By its terms, former Article 44.47 applies only to the appeal brought by a "defendant." The State may still appeal an order of a criminal court in a "criminal case," under Article 44.01(a)(1) of the Code of Criminal Procedure, if the criminal court has dismissed the charging instrument because of a purportedly defective juvenile transfer order. *See* TEX. CODE CRIM. PROC. art. 44.01(a)(1) ("The state is entitled to appeal an order of a court in a criminal case if the order . . . dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint."). This Court has entertained a State's petition for discretionary review of a court of appeals decision following such an appeal. *State v. Rhinehart*, 333 S.W.3d 154 (Tex. Crim. App. 2011). That case, however, did not involve a pretrial application for writ of habeas corpus but a motion to quash the indictment, which the district court had granted.

[10] As we noted earlier, in 2015, but after the second juvenile court's transfer order in this case was signed, the Legislature again changed the appellate scheme for appealing juvenile transfer orders, reverting to a process similar to what it had been prior to 1996. *See* Acts 2015, 84th Leg., ch. 74, §§ 2−4, pp. 1065−66, eff. Sept. 1, 2015 (repealing Article 44.47); note 5, *ante*. Under the 2015 revisions, a challenge to a waiver/transfer order is once again to be brought in an immediate civil appeal, to run concurrently with the criminal proceedings, and subject to discretionary review in the Texas Supreme Court. *Id*. This change in the character of the appellate review from belated criminal to accelerated civil appeal was made applicable, however, only to waiver/transfer orders which issue after the effective date of the amendment, which was September 1, 2015. *Id*. §§ 5 & 6, p. 1066. Because the

*any* statutory authority by which a juvenile defendant could directly appeal a juvenile court's transfer order *at all* as a civil matter, much less in an *interlocutory* civil appeal, was gone.[11] The only appeal of such an order was as a criminal law matter, and then "only in conjunction with" an appeal of any ensuing criminal conviction.

## 2. Plain Text of Former Article 44.47

Considering the plain language of former Article 44.47(b), it would be anomalous to nevertheless permit what amounts to an interlocutory appeal from an adverse ruling on a pretrial application for writ of habeas corpus that challenges the jurisdiction of the criminal court based on an alleged defective juvenile transfer order. Any appeal that challenges a juvenile court's transfer order under Section 54.02 of the Family Code which is controlled by former Article 44.47 may be brought "only" as part of the direct appeal of the "criminal case" "in

---

juvenile court issued the transfer order in this case on May 7, 2015, former Article 44.47 still controls the permissible course of this appeal. *See* note 6, *ante*.

[11] The right to appeal is "not of constitutional magnitude," this Court has said; and that which the Legislature has conferred by statute, it may instead withhold in whole or in part. *Rushing v. State*, 85 S.W.3d 283, 285−86 (Tex. Crim. App. 2002). It was thus within the legislative prerogative to deny any interlocutory appeal of a juvenile transfer order, whether civil *or* criminal—if only for an interim and even though the Legislature apparently thought better of it by 2015. "It is the Legislature, after all, that established the juvenile court system, and ultimately it is up to that body to determine what procedures guide the movement of cases from that system to the adult criminal court system." *Id.* at 286−87. To allow a defendant to pursue an interlocutory appeal from an adverse ruling on a pretrial application for writ of habeas corpus challenging a juvenile court's transfer order would create a readily available end-run around the manifest limitation on such appeals so clearly embodied in former Article 44.47.

conjunction with the appeal of a conviction[.]" Former TEX. CODE CRIM. PROC. art. 44.47(b). Indeed, considering the interplay which the Court has repeatedly recognized between cognizability of claims in pretrial habeas proceedings and permissibility of interlocutory appeals, it is questionable whether *the district court* should even have entertained Appellant's writ application in the first place.[12]

---

[12] A number of this Court's opinions have recognized that pretrial habeas cognizability is determinable, at least partly, as a function of the advisability of permitting an interlocutory appeal of the matter sought to be litigated pretrial. *See*, *e.g.*, *Ex parte Edwards*, ___ S.W.3d ___, No. PD-1092-20, 2022 WL 1421507, at *1 (Tex. Crim. App. May 4, 2022) ("[A]ppellate courts take care to foreclose from pretrial habeas 'matters that in actual fact should not be put before appellate courts at the pretrial stage.'") (quoting *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010), which in turn quotes *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005)); *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) (same, citing *Doster*); *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001) ("Pretrial habeas should be reserved for situations in which the protection of the applicant's substantive rights of the conservation of judicial resources  would be better served by interlocutory review."). "Undoubtedly," Professors Dix and Schmolesky have observed, "pretrial habeas cannot be used as a means of achieving interlocutory appeal on issues for which pretrial appellate relief has been explicitly held unavailable." George E. Dix & John M. Schmolesky, 43 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 35:16, at 278 (3d ed. 2011). In the absence of former Article 44.47, we might well have agreed with the court of appeals that a juvenile defendant's right not to be put to trial based on a juvenile court's transfer order that was so deficient as to deprive the criminal court of jurisdiction ought to be cognizable in pretrial habeas proceedings, on the ground that he ought not to have to stand trial before it may be determined whether he may properly be prosecuted. *Moon*, 649 S.W.3d at 716; *see Menefee v. State*, 561 S.W.2d 822, 824 (Tex. Crim. App. 1977) ("The District Court has no jurisdiction to proceed on a void indictment, and habeas corpus relief is available."). But Article 44.47 prohibits any such interlocutory appeal here, and *that* arguably renders the issue non-cognizable under the cases cited in the text of this footnote above.

The argument against cognizability is not undermined by Section 56.01(o) of the Family Code, which provides that "[t]his Section does not limit a child's right to obtain a writ of habeas corpus." TEX. FAM. CODE § 56.01(o).

### III. Conclusion

In any event, though we granted the State's petition for discretionary review to address the holdings of the court of appeals, we ultimately conclude that the court of appeals should not have reached the merits of Appellant's appeal. *See Woods v. State*, 68 S.W.3d 667, 670 (Tex. Crim. App. 2002) (granting discretionary review to examine a court of appeals ruling about the scope of appellate review of a juvenile transfer order, but then reversing the court of appeals without addressing that issue because the court of appeals lacked jurisdiction to address that issue). The court of appeals erred to entertain Appellant's appeal in this case. Accordingly, we reversed the court of appeals' judgment and remand the case to that court to issue an order dismissing the appeal as unauthorized under former Article 44.47.

**DELIVERED:**          May 3, 2023
**PUBLISH**

---

This subsection was added in 2001, during the period in which Section 56.01 did not apply to the appeal of juvenile court transfer orders. Acts 2001, 77th. Leg., ch. 1297, § 33, p. 3155, eff. Sept. 1, 2001. A revision of Section 56.01 that provides that "[t]his section" does not limit habeas corpus availability simply does not speak to the question of whether Article 44.47, which *did* govern appeals of juvenile transfer orders at the time that Section 56.01(o) was enacted, might operate to limit pretrial habeas availability in Appellant's criminal proceedings.